BROOKS V. STATE

NO. 07-99-0367-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 5, 2000

______________________________

WELDON BROOKS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 72
ND
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-430,368; HONORABLE J. BLAIR CHERRY, JR., JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty and after waiving his right to a trial by jury, appellant Weldon Brooks was convicted of intentionally and knowingly possessing a controlled substance less than one gram and was sentenced to two years confinement.  In presenting this appeal, counsel has filed an 
Anders
 brief in support of a motion to withdraw.  Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  The State did not favor us with a brief. 
 Based upon the rationale expressed herein, the motion to withdraw is granted and we affirm the judgment of the trial court.

On March 31, 1999, Lubbock Police stopped a vehicle, in which appellant was a passenger, for failing to use a signal when turning.  Appellant exited the vehicle and began to walk away from the police officers.  One of the officers, believing that it was suspicious of someone to walk away from a lawful stop, directed appellant to stop and temporarily detained appellant so that a proper identification could be made.  Upon performing a routine radio check, the police officers discovered that appellant had an outstanding warrant and placed him under arrest.  After appellant was placed under arrest, an officer searched him and found a crack pipe in his jacket.  A drug-sniffing dog unit was called out to search the vehicle and the animal detected the odor of drugs.  During this time, 
appellant was sitting down beside the vehicle when one of the officers noticed that the toboggan appellant was wearing when he was arrested was now laying “a little ways from him, on the ground.”  The officer picked the toboggan up to return it to appellant when a rock of crack cocaine fell to the ground.      

Before addressing the merits of appellant’s case, we first discuss our obligations concerning the accompanying 
Anders
 brief.  Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed 2d 300 (1988).  In support of his motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Gainous v. State, 436 S.W.2d 137, 137-38 (Tex.Cr.App. 1969), he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated.  Thus, he concludes the appeal is frivolous and without merit.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. 

Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a 
pro se
 brief if he so desires.  Appellant has failed to file a 
pro se
 brief in response to his counsel’s 
Anders
 brief and the time for filing such a brief having elapsed, we will independently review the entire record and determine whether there are arguable grounds for appeal.  
See
 Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed 2d 300 (1988)
; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).

By the 
Anders
 brief, appellant’s counsel raises arguable grounds for appeal, but concedes that no reversible error is presented.  Counsel contends (1) the stop and search of appellant was in violation of his right against unreasonable searches and seizures under the Fourth Amendment of the United States Constitution and Article I, Section 9 of the Texas Constitution, and (2) the evidence was factually insufficient to support a finding that appellant possessed cocaine.

We first address the propriety of appellant’s stop and search.  An officer who has a reasonable suspicion that a motorist committed a traffic violation may stop and detain the motorist to investigate the traffic violation. Garcia v. State, 827 S.W.2d 937, 944 (Tex.Cr.App. 1992).
  A police officer may also detain a passenger in a lawfully stopped vehicle for investigative purposes.  U.S. Const. amend. IV; 
Rhodes v. State, 945 S.W.2d 115, 117 (Tex.Cr.App. 1997).  Once a person has been lawfully arrested, a search incident to the arrest requires no warrant if it is restricted to a search of the person or objects immediately associated with the person of the arrestee.  U.S. v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).  

Under the plain language of our traffic statutes, turn signals are mandatory when turning, changing lanes, or starting from a parked position.  Tex. Transp. Code Ann. § 545.104(a) (Vernon 1996).
  It is also well settled that a traffic violation committed in an officer's presence authorizes an initial stop.  Armitage v. State, 637 S.W.2d 936, 939 (Tex.Cr.App. 1982).  Here, when the officer observed the vehicle making a turn without using a signal, he was entitled to stop the vehicle
.  After lawfully detaining appellant and running a warrant check, the Lubbock police clearly had authority to lawfully arrest appellant. 
 Thus, the search which produced the rock of crack cocaine was a valid search incident to appellant's arrest under the outstanding warrant.

The next arguable ground for appeal counsel presents concerns the factual sufficiency of the evidence.  In conducting a factual sufficiency review, we view all the evidence without the prism of in the light most favorable to the prosecution and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence so as to be clearly wrong and unjust.  Clewis v. State, 922 S.W. 2d 126, 129 (Tex.Cr.App. 1996).  We must avoid substituting our judgment for that of the factfinder.  
Id.
 at 133.  It is the exclusive province of the factfinder to determine the credibility of the witnesses and the weight to be given their testimony.  Johnson v. State, 571 S.W.2d 170, 173 ( Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.-- Amarillo 1997, pet. ref'd). 
 Here, the State was required to show facts establishing affirmative links between appellant and the rock of crack cocaine.  
See
 Brown v. State, 911 S.W.2d 744, 748 (Tex.Cr.App. 1995).  This was accomplished through testimonial evidence showing appellant’s ownership of the toboggan and
 the subsequent discovery of the rock of crack cocaine when it fell out of the toboggan.  Therefore, the evidence was factually sufficient to support appellant’s conviction.   

 We have also made an independent examination of the entire record to determine whether there are any arguable grounds that might support this appeal.  
See
 
Penson
, 488 U.S. at 80; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).  We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).  

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.  

Don H. Reavis

     Justice

Do not publish.ÑíêNO. 703172; HONORABLE MICHAEL DENTON, JUDGE

_______________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Following a plea of not guilty, appellant, Michael Jesus Coy, was convicted of assault by bodily injury and sentenced to one year confinement and a $4,000 fine, probated in favor of one year community supervision.  Presenting three issues, appellant contends (1) the hearsay statements of the victim admitted over his objection violated his right to confrontation under the United States Constitution, (2) he was denied effective assistance of counsel, and (3) the evidence was factually insufficient to support his conviction.  We affirm.

In June 2005, appellant was arrested and charged with assaulting his wife during a dispute at the couples’ home.  Despite multiple subpoenas, the victim failed to appear for trial.  The State proceeded with its case by offering the victim’s statements through the testimony of the two police officers who investigated the complaint.  Counsel for appellant objected to hearsay; however, the court admitted the testimony under the excited utterance exception of Rule 803(2) of the Rules of Evidence.  Appellant was subsequently convicted of the offense.

By his first issue, appellant contends that by admitting the victim’s out-of-court statements, the trial court violated the Confrontation Clause of the Sixth Amendment to the United States Constitution.  Although he concedes that he did not object on constitutional grounds at trial, appellant maintains that because the State mentioned the case of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), he was not required to make a separate Confrontation Clause objection.  We disagree.  

As a prerequisite to appellate review, a defendant must make a timely request, objection, or motion stating the grounds with sufficient specificity to apprise the trial court of his complaint.  Tex. R. App. P. 33.1(a).  The purpose of this requirement “is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection.”  Martinez v. State, 22 S.W.3d 504, 507 (Tex.Cr.App. 2000).  Recently, the Court of Criminal Appeals has made it clear that an objection to hearsay does not preserve error on Confrontation Clause grounds.  Reyna v. State, 168 S.W.3d 173, 179 (Tex.Cr.App. 2005); Paredes v. State, 129 S.W.3d 530, 535 (Tex.Cr.App. 2004).  In addition, objections below that do not comport with those uttered on appeal are generally not preserved for review.  Wilson v. State, 71 S.W.3d 346, 349 (Tex.Cr.App. 2002).  Consequently, appellant’s first issue presents nothing for review and is overruled.

Alternatively, by his second issue, appellant argues that because counsel failed to preserve error on Confrontation Clause grounds, he received ineffective assistance of counsel.  We disagree.  

Ineffectiveness of counsel is reviewed under the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under 
Strickland
, a defendant must establish (1) counsel's performance was deficient (i.e., fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome.  Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986).  In other words, appellant must demonstrate by a preponderance of the evidence that the deficient performance prejudiced his defense.  Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002); Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999).  Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.  
Thompson
, 9 S.W.3d at 814 (citing 
Strickland
, 466 U.S. at 700).  The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel.  
Id.
  Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight.  Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993).  Furthermore, appellate review of trial counsel's representation is highly deferential and presumes that counsel's conduct fell within the wide range of reasonable and professional representation. 
See e.g.
, Andrews v. State, 159 S.W.3d 98, 101 (Tex.Cr.App. 2005); Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002).  To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record.  
Thompson
, 9 S.W.3d at 813-14.

In the present case, the record fails to demonstrate counsel’s performance fell below an objective standard of reasonableness.  Counsel vigorously cross-examined the State’s witnesses, attempted to discredit their version of events, and repeatedly attacked the State’s failure to produce the photographs of the victim’s injuries. He also made pertinent objections throughout the trial, most notably, he lodged a valid, albeit unsuccessful, hearsay objection under the Rules of Evidence prior to the introduction of the witnesses out-of-court statements.  Contrary to appellant’s assertion, there are a number of conceivable reasons why counsel might have declined to object on confrontation grounds.  For example, as the State points out, he may have simply believed that the testimony was admissible, making an objection inappropriate.  
SeeThompson,
 9 S.W.3d at 814.
  

Based on the record before us and provided the presumption that trial counsel's conduct falls within the wide range of reasonable and professional representation, no reversible error is demonstrated.  
See Bone,
 77 S.W.3d at 833; Mallett v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001).  Appellant’s second issue is overruled.

By his third issue, appellant claims that without the victim’s hearsay statements, the State’s evidence is factually insufficient to support his conviction.  However,
 we conduct a factual sufficiency analysis by considering all the evidence before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective.  Miles v. State, 918 S.W.2d 511, 512 (Tex.Cr.App. 1996).  Because we cannot conduct a sufficiency review without considering the victim’s out-of-court statements, appellant’s third point presents nothing for review and is overruled.  Fuller v State, 827 S.W.2d 919, 931 (Tex.Cr.App. 1992).

Accordingly, the trial court’s judgment is affirmed.

Don H. Reavis

    Justice

Do not publish.